# Exhibit A

**Commonwealth of Massachusetts**
**Cambridge District Court**
4040 Mystic Valley Parkway
Medford, MA 02155
(781) 306-2715

Joshua Grady
PLAINTIFF(S),

CIVIL NO. 2152 CV 0566-EF

v. Town Fair Tire Centers of Massachusetts, LLC,    **SUMMONS**
Neil Mellen, and Michael Mellen,
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO ___Michael Mellen___.
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Cambridge Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Cambridge District Court, 4040 Mystic Valley Parkway, Medford, MA 02155" and to the individual below:

___Amber Lee___, at ___50 Congress St., Ste 540, Boston, MA 02109___.
(name of Plaintiff or Plaintiff's attorney)      (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Ina R. Howard-Hogan, First Justice on *October 26*, 20 *21*.

(SEAL)

*Sharon Keefer Casey*
Sharon Shelfer Casey, Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____
(signature)

_____
(name and title)

☐ In hand

_____
(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:* [     ]

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

𝕮𝖔𝖒𝖒𝖔𝖓𝖜𝖊𝖆𝖑𝖙𝖍 𝖔𝖋 𝕸𝖆𝖘𝖘𝖆𝖈𝖍𝖚𝖘𝖊𝖙𝖙𝖘
𝕮𝖆𝖒𝖇𝖗𝖎𝖉𝖌𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
4040 Mystic Valley Parkway
Medford, MA 02155
(781) 306-2715

__Joshua Grady__,
PLAINTIFF(S),

CIVIL NO. __2152CV0566-EF__

v. __Town Fair Tire Centers of Massachusetts, LLC,__   SUMMONS
__Neil Mellen, and Michael Mellen__,
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO __Neil Mellen__.
(Defendant's name)

1. This Notice is to inform you that you are being sued. The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Cambridge Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to __both__ the "Clerk's Office for Civil Business, Cambridge District Court, 4040 Mystic Valley Parkway, Medford, MA 02155" __and__ to the individual below:

__Amber Lee__, at __50 Congress St., Ste 540, Boston, MA 02109__.
(name of Plaintiff or Plaintiff's attorney)                  (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer within 20 days. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case. You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, you may lose your ability to sue the Plaintiff about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear both sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Ina R. Howard-Hogan, First Justice on October 26, 2021.

(SEAL)

Sharon Shelfer Casey, Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### RETURN OF SERVICE
(for use by person making service)

On _____, 20___, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____
(signature)

_____
(name and title)

☐ In hand

_____
(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

## Commonwealth of Massachusetts
## Cambridge District Court
4040 Mystic Valley Parkway
Medford, MA 02155
(781) 306-2715

Joshua Grady,
PLAINTIFF(S),

CIVIL NO. 2152CV0566-EF

v. Town Fair Tire Centers of Massachusetts, LLC,   SUMMONS
Neil Mellen, and Michael Mellen,
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO Town Fair Tire Centers of Massachusetts, LLC
(Defendant's name)

1. This Notice is to inform you that you are being sued. The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Cambridge Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Cambridge District Court, 4040 Mystic Valley Parkway, Medford, MA 02155" and to the individual below:

Amber Lee, at 50 Congress St., Ste. 540, Boston, MA 02109.
(name of Plaintiff or Plaintiff's attorney)            (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

```
RECEIVED
CAMBRIDGE DIVISION

NOV 19 2021

DISTRICT COURT DEPT.
CLERKS OFFICE
```

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Date Filed: 10/19/2021 5:41 PM<br>District Court - Cambridge<br>Docket Number:<br>Trial Court of Massachusetts |
|---|---|---|
| PLAINTIFF(s)<br>Joshua Grady | | DATE FILED<br>10/19/2021 |
| DEFENDANT(s)<br>Town Fair Tire Centers of Massachusetts, LLC, Neil Mellen, Michael Mellen | | COURT DIVISION<br>Cambridge District Court |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

**Required information to be submitted by Filer (select applicable boxes):**
Civil action alleges money damages in: ☒ Contract   ☐ Tort

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (describe) _____ | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonable anticipated lost wages: | $ |
| F. Other documented items of damage (describe): _____ | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: _____ | |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agrement Mass. R. Civ. P. 8.1(a) | |
| Provide a detailed description of the claim(s): Nonpayment of wages in violation of state law | $<br>$<br>$ |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $ <$50k |

**Alleged total damages are (select appropriate box):**  ☒ $25,000 or less  ☐ more than $25,000

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)<br>Amber Lee                                    10/19/21<br>PRINT OR TYPE NAME<br>Law Office of Nicholas F. Ortiz, P.C.                        DATE<br>SIGNATURE<br>s/Amber Lee                                       698133        B.B.O. #<br>ADDRESS<br>50 Congress St. Suite 540, Boston, MA 02109 | DEFENDANT'S NAME AND ADDRESS:<br>Town Fair Tire Centers of Massachusetts, LLC:<br>1127 Riverdale St, West Springfield, MA 01089<br>Neil Mellen: 30 Shady Ln 99, Monroe, CT 06468<br>Michael Mellen: 23 Blackberry Lane, Shelton, CT 06484 |
|---|---|

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record:       /s/Amber Lee                                                                          Date: 10/19/21

12.27.19

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| ESSEX, ss. | CAMBRIDGE DISTRICT COURT |

JOSHUA GRADY,

        Plaintiff,

v.                                C. A. No.

TOWN FAIR TIRE CENTERS OF
MASSACHUSETTS, LLC, NEIL
MELLEN, MICHAEL MELLON,

        Defendants.

## COMPLAINT

Joshua Grady brings this action against his former employer, Town Fair Tire Centers of Massachusetts, LLC, and its managers, Neil Mellen and Michael Mellen, (collectively, the "Defendants") for non-payment of wages, including travel time, holiday, and overtime wages, unpaid business expense reimbursements, and retaliation, all in violation of state law.

## PARTIES

1. Plaintiff Joshua Grady resides in Watertown, Massachusetts.

2. Defendant Town Fair Tire Centers of Massachusetts, LLC (hereinafter "Town Fair") is a domestic limited liability company with a usual place of business located at 1127 Riverdale St, West Springfield, MA 01089.

3. At all relevant times, Defendant Neil Mellen served as manager of Town Fair, and, on information and belief, resides at 30 Shady Ln 99, Monroe, CT 06468.

1

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

4. On information and belief, at all relevant times, Defendant Neil Mellen served as an officer or agent having the management of Town Fair and participated to a substantial degree in formulating the policies of the company.

5. At all relevant times, Defendant Michael Mellen served as manager of Town Fair, and, on information and belief, resides at 23 Blackberry Lane, Shelton, CT 06484.

6. On information and belief, at all relevant times, Defendant Michael Mellen served as an officer or agent having the management of Town Fair and participated to a substantial degree in formulating the policies of the company.

7. The Defendants employed the plaintiff.

## JURISDICTION

8. This Court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, §§ 148A, 150; M.G.L. c. 151, §§ 1, 19; 29 U.S.C. 201 et. seq; and its inherent common law authority.

9. The Plaintiff filed a complaint regarding this matter with Massachusetts Attorney General pursuant to M.G.L. c. 149, §150.

10. Venue is proper pursuant to M.G.L. c. 223 § 2 because Plaintiff resides in an adjacent judicial district.

## FACTS

11. Town Fair is a tire sales and installation company operating multiple locations throughout Massachusetts.

12. Town Fair hired Mr. Grady on or about July 28, 2021 as a Tire Technician.

2

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

13. Town Fair agreed to compensate Mr. Grady at a rate of $16.75 per hour.

14. Mr. Grady's duties as Tire Technician included balancing tires, inspecting treads, and other tire installation and maintenance tasks.

15. On or around October 13, 2021, Town Fair terminated Mr. Grady in retaliation for his complaints about his unpaid wages.

### *Unpaid Travel Time and Unreimbursed Travel Expenses*

16. During his employment with Town Fair, Mr. Grady regularly worked at Town Fair's Watertown, Massachusetts location.

17. For the weeks of September 20, 2021 and September 27, 2021, Town Fair required Mr. Grady to report to the Town Fair locations in Chelsea and Everett in order to perform his work duties.

18. Town Fair agreed to reimburse Mr. Grady for the cost of the gas he used to travel to the Everett and Chelsea locations.

19. Mr. Grady incurred approximately $170 in gas expenses travelling to and from the Everett and Chelsea locations.

20. However, Town Fair has only reimbursed Mr. Grady for approximately $70 in gas expenses.

21. To date, Fair Town has failed to reimburse Mr. Grady the remaining expenses he incurred traveling to and from the Everett and Chelsea locations.

22. Additionally, when Town Fair required Mr. Grady to travel to the Everett and Chelsea locations, it failed to pay him for any travel time in excess of his ordinary travel time.

23. 454 Code Mass. Regs. § 27.04(4)(b) provides:

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

> If an employee who regularly works at a fixed location is required to report to a location other than his or her regular work site, the employee shall be compensated for all travel time in excess of his or her ordinary travel time between home and work and shall be reimbursed for associated transportation expenses.

24. It took Mr. Grady approximately ten (10) minutes to drive from his home to the Watertown location.

25. It took Mr. Grady approximately twenty-six minutes (26) minutes to drive from his home to the Chelsea location.

26. It took Mr. Grady approximately thirty (30) minutes to drive from his home to the Everett location.

27. Therefore, Town Fair was required to pay Mr. Grady for his additional travel time and transportation expenses related to traveling to the Chelsea and Everett locations and violated Massachusetts law when it failed to do so.

### *Unpaid Overtime Wages*

28. Throughout the course of his employment, Mr. Grady worked more than 40 hours for Town Fair in multiple workweeks.

29. However, Town Fair failed to compensate Mr. Grady at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 in a workweek.

30. Specifically, Mr. Grady performed approximately 60 hours of work for Town Fair during the week of October 2, 2021 to October 8, 2021.

31. However, Town Fair only compensated Mr. Grady for 40 hours of work at his regular hourly rate and two hours at his overtime rate.

4

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

32. To date, Town Fair has not compensated Mr. Grady for approximately 18 overtime hours he worked during the week of October 2, 2021 to October 8, 2021, the equivalent of approximately $452.25.

33. Town Fair knew or should have known that Mr. Grady was working overtime hours.

34. The overtime hours Mr. Grady worked, which he spent performing his normal job duties, were performed on Town Fair's premises, in plain view.

35. Mr. Grady was a non-exempt employee entitled to overtime.

### *Retaliatory Termination*

36. On or about October 6, 2021, Mr. Grady reported the underpayment of his travel expense reimbursements to Fair Town's Human Resources Department ("HR").

37. On or about October 13, 2021, upon receiving his paycheck for the week of October 2, 2021 to October 8, 2021 and realizing that he had not been paid for approximately 18 overtime hours, Mr. Grady again contacted HR.

38. Mr. Grady informed HR that his paycheck was short 18 hours.

39. HR then contacted Mr. Grady's manager regarding the October 13th paycheck and Mr. Grady's report.

40. Mr. Grady's manger reprimanded him for calling HR, stating that Mr. Grady had made him look bad, or words to that effect.

41. Mr. Grady informed his manager that he would start keeping physical record of his hours worked and having his manager sign off on this record each day in order to ensure that his hours were accurately recorded.

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

42.     Mr. Grady's manager then told Mr. Grady to collect his things and leave Fair Town's premises, terminating Mr. Grady's employment.

43.     Town Fair terminated Mr. Grady's employment as a direct result of, and in retaliation for, his complaint regarding the company's failure to pay him his earned wages.

44.     As a result of Town Fair's retaliation, Mr. Grady suffered and continues to suffer damages, including lost wages and emotional distress.

### *Unpaid Wages At Termination*

45.     Prior to his termination, Mr. Grady had performed approximately 29 hours of work during the period of October 9, 2021 through October 13, 2021, including 10 holiday hours, the equivalent of approximately $569.50.

46.     Town Fair failed to pay Mr. Grady his earned wages for the period of October 9, 2021 through October 13, 2021 on the date of his termination, or at any point thereafter.

47.     To date, Town Fair owes Mr. Grady a significant amount in earned wages, including holiday, travel time, and overtime wages, and expense reimbursements.

48.     Additionally, during his last month of employment, Town Fair failed to issue accurate pay stubs to Mr. Grady, which caused him damages, including lost wages.

## CAUSES OF ACTION

49.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

## - Count I -

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

### NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

50. M.G.L. c. 149 § 148 mandates the timely payments of all earned wages.

51. M.G.L. c. 149, § 148 provides, in relevant part:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned… and any employee discharged from employment shall be paid in full on the day of his discharge . . . .

52. Massachusetts law provides:

> If an employee who regularly works at a fixed location is required to report to a location other than his or her regular work site, the employee shall be compensated for all travel time in excess of his or her ordinary travel time between home and work.

> 454 Code Mass. Regs. § 27.04(4)(b).

53. By failing to pay the Plaintiff the full amount of his earned wages, including travel time, overtime, and holiday wages, when the same became due and payable, the Defendants violated the Wage Act, M.G.L. c. 149, §§ 148, 150.

54. The Defendants' failure to comply with M.G.L. c. 149 §§ 148, 150 entitles Mr. Grady to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150.

### - Count II -

### NON-PAYMENT OF MINIMUM FAIR WAGE IN VIOLATION OF M.G.L. c. 151, § 1

55. M.G.L. c. 151, § 1 prohibits employers from paying employees oppressive and unreasonable wages.

56. 454 Code Mass. Regs. § 27.04(4)(b), promulgated pursuant to M.G.L. c. 151, § 1, provides:

7

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

> If an employee who regularly works at a fixed location is required to report to a location other than his or her regular work site, the employee shall be compensated for all travel time in excess of his or her ordinary travel time between home and work

57. The Defendants failed to pay Mr. Grady for compensable travel time or to reimburse him for related travel expenses pursuant to 454 Code Mass. Regs. § 27.04(4)(b).

58. The Defendants' failure to comply with M.G.L. c. 151, § 1 entitles the plaintiff to recover three times his unpaid travel time and expenses, interest, reasonable attorney's fees, and costs of litigation under M.G.L. c. 151, § 20.

- Count III -

**NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207(A), 216(B)**
**(Against Fair Town Only)**

59. Fair Town has, at all relevant times, been an "enterprise" within the meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. ("FLSA").

60. Fair Town has, at all relevant times, been an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

61. On information and belief, in all relevant years, Fair Town had (or is projected to have) annual gross revenues exceeding $500,000, used products to conduct their business that originated outside of Massachusetts, and handled credit card transactions.

62. Fair Town has, at all relevant times, been an employer of the Plaintiff for purposes of the FLSA.

63.     Fair Town's failure to pay the Plaintiff overtime wages was done willfully or with reckless disregard of the FLSA.

64.     Fair Town's violation of the FLSA entitles the Plaintiff to recover his unpaid overtime wages, interest, liquidated damages (in an amount equal to his unpaid overtime wages), reasonable attorneys' fees, and the costs of this action.

- Count IV -

**FAILURE TO ISSUE LAWFUL PAY STUBS IN VIOLATION OF M.G.L. c. 149, § 148, M.G.L. c. 151 §§ 15, AND 454 Code Mass. Regs. 27.07(2)**

65.     M.G.L. c. 149, § 148 provides:

> An employer, when paying an employee his wage, shall furnish to such employee a suitable pay slip, check stub, or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period.

66.     M.G.L. c. 151, § 15 provides:

> Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee.

67.     454 Code Mass. Regs. § 27.08(2) provides:

> For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount paid each pay period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary.

68.     M.G.L. c. 151, § 19 provides:

> An employer or the officer or agent of a corporation who fails to keep the true and accurate records required under [M.G.L. c. 151] …shall have violated [M.G.L. c. 151, § 19].

9

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

69. M.G.L. c. 149 § 150 provides:

> An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may ... prosecute in his own name ... a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

70. By failing to keep proper records of the hours worked by the Plaintiff and failing to issue proper paystubs, the Plaintiff suffered damages, and the Defendants violated M.G.L. c. 149, § 148; M.G.L. c. 151, § 19; and 454 Code Mass. Regs. 27.07(2).

71. The Defendants' failure to comply with M.G.L. c. 151, § 19 and M.G.L. c. 149, § 148 entitles the Plaintiff to recover treble damages, interest, reasonable attorneys' fees, and costs and injunctive relief pursuant to M.G.L. c. 149, § 150.

## - Count V -

### RETALIATION IN VIOLATION OF M.G.L. c. 149, § 148A

72. Under M.G.L. c. 149, §148A, "[n]o employee shall be penalized by an employer in any way as a result of any action on the part of an employee to seek his or her rights under the [Wage Act]."

73. Fair Town terminated Mr. Grady's employment because of, and in retaliation for, Mr. Grady's efforts at seeking his rights under the Wage Act, which is a violation of M.G.L. c. 149, § 148A.

74. Fair Town's violation of M.G.L. c. 149, § 148A entitles the Plaintiff to recover three times his lost wages, general damages (including emotional distress damages), interest, reasonable attorneys' fees, and the costs of litigation.

## - Count VI -

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

## RETALIATION IN VIOLATION OF M.G.L. c. 151, § 19

75. Pursuant to M.G.L. c. 151, § 19(1), an employer may not discharge or in any other manner discriminate against an employee "because such employee has complained of a violation of the [Massachusetts Minimum Fair Wage and Overtime Law]" or "because such employer believes that said employee or individual may complain of a violation of the provisions of this chapter."

76. By terminating Mr. Grady as a result of his complaints about Defendants' failure to pay him overtime wages for his work and reimburse him for his travel expenses, the Defendants violated M.G.L. c. 151, § 19(1).

77. The Defendants' violation of M.G.L. c. 151, § 19(1) entitles Mr. Grady to recover not less than one month's wages, nor more than two month's wages, and reasonable attorney's fees and costs, pursuant to M.G.L. c. 151, § 19(1).

- Count VII -

### BREACH OF CONTRACT
(Against Town Fair Only)

78. Town Fair and the Plaintiff were parties to a contract under which Town Fair agreed to and had a duty to pay the Plaintiff wages for the work he performed for Town Fair and to reimburse the Plaintiff for gas costs associated with the work he performed at other Town Fair locations.

79. Town Fair breached its contractual duty by failing to pay the Plaintiff the money due to him pursuant to the terms of the contract.

80. Town Fair's breach was material.

81. As a result of Town Fair's breach, the Plaintiff suffered damages.

11

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

82. Town Fair's breach was both the proximate and actual cause of the Plaintiff's damages.

83. The Defendant's breach of contract entitles the Plaintiff to recover contract damages, including but not limited to, incidental and consequential damages, and pre-judgment interest from the date of the breach.

## - Count VIII -

### UNJUST ENRICHMENT
### (Against Town Fair Only)

84. Town Fair received the benefit of the Plaintiff's time, work, and professional skill without compensating him for the same.

85. Town Fair was unjustly and unfairly enriched by the amount of the unpaid wages as well as any profits it has made as a result of the Plaintiff's work.

86. Town Fair benefited financially from its failure to pay the Plaintiff the subject wages and expenses and, as a result, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff requests that the Court enter final judgment against the Defendants, awarding the Plaintiff:

A. Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for the failure to pay earned wages, including overtime wages;

B. Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 151, § 20 for failure to pay travel time wages and expenses;

C. Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for the failure to issue lawful paystubs;

Date Filed: 10/19/2021 5:41 PM
District Court - Cambridge
Docket Number:

D. Damages (including liquidated damages), interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. 201 et. seq.;

E. Treble wage damages, general damages (including emotional distress damages), interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for retaliation;

F. Two month's wages, general damages (including emotional distress damages), and reasonable attorney's fees and costs pursuant to M.G.L. c. 151, § 19(1) for retaliation;

G. Contract damages and pre-judgment interest for breach of contract;

H. Equitable damages for unjust enrichment; and

I. Such other relief that the Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

JOSHUA GRADY,
by his attorneys,

*/s/Amber Lee*
Amber Lee (BBO No. 698133)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, MA 02110
(617) 338-9400
alee@mass-legal.com

Date: October 19, 2021